**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| S&S HOLDCO, INC., | : | Case No. 1:19-cv-1071 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| S&S HOLDCO HOLDINGS, LLC, | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDAT'S
UNOPPOSED MOTION FOR LEAVE TO FILE
CONFIDENTIAL DOCUMENTS UNDER TO SEAL (Doc. 10)**

## I. INTRODUCTION

This civil action is before the Court on Defendant S&S HC Holdings, LLC's unopposed motion for leave to file confidential documents under seal. (Doc. 10). Defendant seek to file confidential documents under seal pursuant to Local Rule 5.2.1(a) without submitting redacted versions. Defendant contends that the documents will be used "for the limited purpose of supporting the factual challenge as to whether the Court may exercise subject matter jurisdiction over this controversy[.]" (Doc. 10 at 1). The documents Defendant seeks to file under seal are as follows:

(1) Membership Interest Acquisition Agreement,

(2) Purchaser's First Indemnity Notice dated November 6, 2018,

(3) Seller Group's first Response dated November 15, 2018,

(4) Seller Group's second Response dated December 31, 2018,

(5) Consulting Agreement dated November 1, 2017,

  (6) Purchasers' second Indemnity Demand issued February 25, 2019,

  (7) Promissory Note,

  (8) Escrow Agreement,

  (9) Purchaser's escrow notice dated October 28, 2019,

  (10) Defendant's long-form version of its complaint that will be filed in the pending state court action if the state court will permit this submission under seal.

(Doc. 10-1).

Pursuant to the Court's September 1, 2020 Notation Order, Defendant submitted the documents at issue for *in camera* review.

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

There is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other, allowing litigants to shield those documents which are ultimately relied on in the Court's adjudication from public view. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id*. However, "very different considerations apply" when these materials are filed in the

2

public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Recently, the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify the non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and common law right of access to court filings.") (citation omitted); *see also In re Knoxville*

3

*News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *Shane Grp.*, 825 F.3d at 307.

A district court which chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

Defendant argues the documents it submitted for *in camera* review (*See* Doc. 10-1) contain trade secrets and highly confidential, highly proprietary, and commercially sensitive business and financial information and should therefore be filed under seal. More specifically, Defendant contends the documents contain terms and conditions that define the parties' respective obligations post-closing that would cause substantial risk of financial harm to the parties if the business information is obtained by an industry competitor. (Doc. 10 at 5). Defendant states that dissemination of the purportedly confidential information contained in the documents will also cause serious injury to the privacy of individuals and entities who are parties to this lawsuit and non-parties, including operators, administrators, vendors, and customers. (*Id.*).

4

After carefully reviewing each of the documents submitted for *in camera* inspection, the Court concludes that Defendant's motion for leave to file under seal (Doc. 10) should be granted.

First, Defendant has shown that there is a compelling reason for non-disclosure of the documents it seeks to file under seal. This Court has repeatedly "recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) (citing The Procter & Gamble Co. v. Ranir, LLC, Case No. 1:17-CV-185-TSB, Dkt. 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (defining "Confidential Information" as, at a minimum, including "non-public information" that contains "confidential trade secret, technical, business, financial, or personal information")). Here, filing under seal is justified because the documents at issue contain highly proprietary business and financial information that, if disclosed on the public docket, would give a significant advantage to competitors of the parties and non-parties to this action.

Second, Defendant has shown that protection of the privacy interests of third parties is a compelling reason for non-disclosure of the documents at issue. The Sixth Circuit has recognized, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane*, 825 F.3d at 308. Here, disclosure of the documents at issue would clearly impact the privacy interests of innocent third parties, including operators, administrators, vendors, and customers that have no connection to

the dispute between the parties.

Third, there will be no harm to the public interest if Defendant files the documents at issue under seal. Defendant seeks to file the documents containing confidential information for the limited purpose of supporting its motion to dismiss on jurisdictional grounds. (Doc. 10). On the Court's review, the public will not need to view Defendant's highly confidential business and financial information to understand the events giving rise to this dispute, or the arguments made in that motion. *See Shane Grp.*, 825 F.3d at 305.

Finally, Defendant seeks to file the confidential documents under seal without filing a redacted version because "it is just not feasible or practical for Defendant to redact portions of the documents, as suggested in *Proctor & Gamble*, because the confidential information is pervasive." (Doc. 10 at 7). The Court prefers, and the public interest generally favors, a party seeking to file documents under seal to also file redacted versions on the public docket. Yet after a thorough review of the confidential documents, the Court sees that the filing of redacted versions is infeasible and unnecessary as confidential information is prevalent throughout the documents. Moreover, the public does not have a significant interest in viewing the non-confidential information in the documents because the public will be able to understand the events giving rise to this dispute and the arguments made in the parties' briefing on Defendant's motion to dismiss without that information. Accordingly, Defendant's motion to file underseal without also filing a redacted version is well-taken.

## IV.  CONCLUSION

Based upon the foregoing, Defendant's unopposed motion for leave to file confidential documents under seal (Doc. 10) is **GRANTED**.  Defendant may file all the confidential documents identified in its motion (Doc. 10-1) in support of its motion to dismiss (Doc. 9) under seal.

**IT IS SO ORDERED.**

Date:  9/28/2020 　　　　　　　　　　　　　　　　*/s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge